[Civ. No. 16180. Second Dist., Div. One. May 24, 1948.]

BRYCE HELLMAN, a Minor, etc., et al., Respondents, v. LUCILE B. MAHER, Appellant.

Lloyd J. Seay for Appellant.

Joseph W. Aidlin and Louis R. Stein for Respondents.

YORK, P. J.—From a judgment awarding the minor plaintiff $1,500 for personal injuries sustained in an automobile collision, and awarding the parents of said minor $596.26 on account of medical care and attention for the minor and for repairs to their automobile, defendant prosecutes this appeal.

Appellant's sole contention is that the trial court erred in denying her motion for a nonsuit, because respondent Bertha Hellman was guilty of contributory negligence as a matter of law.

It appears from the record herein that on the morning of May 17, 1944, respondent Bertha Hellman was driving a 1939 Buick sedan in a northerly direction on Gardner Street, in the city of Los Angeles, taking four children to school; that her son, respondent Bryce Hellman, was sitting beside her on the front seat, and her daughter was sitting in the rear with the other two children, who had just been picked up on Gardner Street less than a block from the scene of the collision, i. e., the intersection of Gardner Street and Rosewood Avenue.

Appellant was operating a 1934 Chevrolet and was traveling west on Rosewood. The impact between the left front fender of appellant's car and the rear right fender of respondent's automobile occurred at a point 6 feet south of the north curb line of Rosewood and 15 feet east of the west curb line of Gardner, both streets being 30 feet wide. As a result of the collision, respondent's car skidded sidewise and turned over, coming to rest on the west side of Gardner about 60 feet north of the point of impact.

Respondent Bertha Hellman testified that when she first observed appellant's car, it was "about half way down the street (block)"; that this was "after I got into the intersection," to wit: when the back of her own car was south of the south line of Rosewood and the front end thereof was within the intersection; that said witness was going about 15 miles an hour, and when she saw appellant's car, she "stepped on the gas" and went straight ahead. This witness also testified that when the collision occurred "most of" her car had crossed the north curb line of Rosewood; that her car "rocked back and forth from the left to the right and then it turned completely around and the engine of the car faced south; and it turned over on its left side against the curbing,"

finally coming to rest "in front of the second house from the corner."

Appellant testified that she was approximately 22 feet east of the intersection when she first saw respondents' car which was then about on a line with the extension of the southerly curb line of Rosewood, "before it got right to the intersection." Also, that at the time of the impact, part of respondents' car was "definitely in Rosewood Avenue." To the following question propounded by the trial judge: "You mean at the point of impact part of it was in the intersection and part of it was beyond the north boundary line of Rosewood?," this witness replied: "Yes, that is my recollection, yes."

Police Officer Seymour testified that there were approximately 50 feet of skid marks where one of the wheels of appellant's car skidded prior to the impact; that no skid marks were left by respondents' car; all that it showed there were brush marks made after the impact; that traffic approaching the said intersection from the east traveling west on Rosewood could observe traffic coming north on Gardner for a distance of approximately 50 feet south of the intersection; that with respect to traffic on Gardner approaching the intersection traveling north, the visibility of automobiles going west on Rosewood would be about the same, i. e., 50 feet.

Said officer, in response to a subpena duces tecum, brought with him the official police report of the instant accident, from which the statements made to him at the scene of the collision by appellant and respondent Bertha Hellman, were read into the record, to wit:

Appellant Maher: "I was westbound on Rosewood at approximately 25 miles per hour, and as I approached within fifty feet of the intersection of Gardner I noticed a northbound car on Gardner going very fast. I applied my brakes and tried to turn right or north on Gardner to avoid an accident, but I was unable to do so. My left front fender struck the right rear fender of the northbound car, causing it to skid sideways and turn over and travel approximately seventy feet north of where we hit.

"I travel this street every day and I am very careful when I come to this intersection. This is my skid mark on the street . . . from the time I applied my brakes until I struck the car."

Respondent Bertha Hellman: "I was northbound on Gardner at approximately 15 miles per hour, having just picked up two little girls to take to school. When I had just about crossed the intersection of Rosewood a westbound car traveling 40 miles per hour struck the right rear of my car, turned it around and causing it to go over on its side.

"I first observed this car when I was crossing the intersection but I could not stop prior to its stopping my car, so I continued on in an attempt to get out of its road."

While appellant admits that the question of contributory negligence is ordinarily a question of fact to be determined by the trier of facts, she urges that under certain circumstances it becomes a question of law, in support of which she quotes from the recent case of *Louie* v. *Hagstrom's Food Stores*, 81 Cal.App.2d 601, 610 [184 P.2d 708], to wit:

"It is elementary law that contributory negligence becomes a question of law when, and only when, from the facts, reasonable men can draw but one inference, and that an inference that points unerringly to the negligence of plaintiff contributing to the injury. In all other cases the question of contributory negligence is one of fact for the jury. (Citing authorities.)"

As to this issue, appellant asserts that the facts herein presented indicate "that plaintiff driver of the automobile was grossly negligent when she approached the intersection where the accident occurred and by not looking to see if there were any cars approaching the intersection"; hence that "defendant's motion for a nonsuit made at the conclusion of plaintiffs' case should have been granted."

Respondent Bertha Hellman was asked on direct examination "just prior to reaching that intersection had you made any stop?" to which she replied: "Yes, I did. Q. Where had you stopped? A. I stopped in the middle of the block to pick up two little girls that I usually took to school. Q. How far was your stopping point from that intersection? A. It was in that block. Q. That is, just south of the intersection? A. Yes . . . Q. Will you tell us when you first observed the defendant's car as you approached the intersection? A. After I got into the intersection. . . . Q. Well, approximately how much of your car would you say was headed into the intersection? A. About seven or eight feet of the car. . . . Q. Where was the defendant's car at that time? . . . A. It was about halfway in that short street, about half way down the street. Q. How fast were you

driving at the time . . . that you first saw the defendant's car? A. Well, I was going about fifteen miles an hour. Q. What did you do after you saw the defendant's car? A. I stepped on the gas. Q. When did you first know there was a collision? A. After I had passed the intersection. . . . After the whole front of my car had passed, I was about here (indicating) and I felt the impact of her car hit us, but I thought our car had completely passed it at the time . . . most of the car had already passed. . . . Q. Did you continue to drive straight ahead after you saw the defendant's car, or did you swerve in any direction? A. I went straight ahead.''

At the time the motion for nonsuit was made on behalf of appellant, in addition to the hereinabove quoted testimony of respondent Bertha Hellman, there was also evidence that as appellant approached within 50 feet of the intersection, she noticed respondents' car ''northbound on Gardner going very fast.''

In this state of the evidence, it was open to debate whether respondent Bertha Hellman's conduct was that of a reasonably prudent person under like circumstances. Therefore, a question of fact was presented and the denial of appellant's motion for a nonsuit was proper.

The record discloses sufficient substantial evidence to support the findings of the trial court to the effect that the negligence of appellant was the proximate cause of the collision and the resulting injuries.

For the reasons stated, the judgment appealed from is affirmed. The appeal from the order denying motion for a new trial is dismissed.

Doran, J., and White, J., concurred.